IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 DEC 19 P 3: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| TONY CHANNELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CASE NO. 2:07-CV-1103- |
| NUTRITION DISTRIBUTION, | * | |
| LLC, d/b/a ANABOLIC | * | |
| XTREME, DESIGNER | * | |
| SUPPLEMENTS, INC., et al., | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

COMES NOW the Defendant, Designer Supplements, Inc., and removes this case to the United States District Court for the Middle District of Alabama, Northern Division. In support of said removal, the Defendant states as follows:

1. The Plaintiff, according to the allegations of the Complaint[1], is a resident of Covington County, Alabama.

2. Defendant Designer Supplements, Inc., is a New York corporation with its principle place of business in New York.

3. According to the Complaint, co-defendant Nutrition Distribution, LLC, is a foreign business entity that is organized in the State of Arizona and has its principle place of business in Arizona.

4. According to the Complaint, co-defendant, Anabolic Resources, LLC, is a foreign

---

[1] A copy of the Plaintiff's Complaint is attached hereto as Exhibit A.

business entity that is organized in the State of Arizona and has its principle place of business in Arizona.

5. According to the Complaint, co-defendant DPS Nutrition, Inc., is a foreign corporation incorporated in the State of Pennsylvania with its principle place of business in Pennsylvania.

6. According to the Complaint, co-defendant STG Investors, LLC, is a foreign business entity that is organized in the State of Arizona, with its principle place of business in Arizona.

7. As of the time of this removal, co-defendants STG Investors, LLC and DPS Nutrition, Inc., are the only ones which have been served with the Complaint. Both of these co-defendants consent to the removal of this case.

8. Jurisdiction for this cause is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). The Complaint filed by the Plaintiff asserts multiple claims and seeks an unspecified amount of compensatory and punitive damages.

9. In addition to the complete diversity among the parties, the Defendant asserts that the Complaint seeks an amount in controversy greater than $75,000.00, exclusive of interest and costs. Although the Complaint seeks an unspecified sum of compensatory and punitive damages, the Plaintiff alleges in his Complaint that he "was caused to suffer serious and life-threatening injuries, including, but not limited to, liver failure." (See Exhibit A, ¶ 1). The Complaint further alleges that the Plaintiff has suffered injuries "from which he has suffered and will continue to suffer in the future." *Id.* at ¶ 40. Finally, the

Complaint seeks an amount of punitive damages "for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future." *Id.* at ¶ 22.

10. The Defendant acknowledges that it has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement; however, the Complaint filed by the Plaintiff in this case was the Defendant's first notice of this claim. Further, the Complaint is vague with respect to the exact nature of the injuries and damages sought. In the event the Plaintiff seeks to contest this removal on the basis that the jurisdictional limit has not been met or proved by the Defendant, the Defendant respectfully requests this Honorable Court to allow it to conduct limited-purpose discovery on the issue of damages before ruling on any motion to remand filed on behalf of the Plaintiff.

11. Upon filing of this notice, the Defendant has given written notice thereof to the attorney for the Plaintiff and to the co-defendants. Further, the Defendant has filed a copy of the removal pleadings and notice with the Circuit Court of Covington County, Alabama, all in accordance with applicable law.

WHEREFORE, the Defendant prays that the removal of said cause to the United States District Court for the Middle District of Alabama, Northern Division, be affected and no further or other proceeding may be had with respect to this matter in the Circuit Court of Covington County, Alabama, pending a final decision and determination of controversy in this United States District Court.

Respectfully submitted this 19th day of December, 2007.

_____
S. ANTHONY HIGGINS
Attorney for Defendant Designer
Supplements, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

Kathy R. Davis, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

Nutrition Distribution, LLC
c/o Stephen M. Bonnell
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 19th day of December, 2007.

_____
OF COUNSEL




IN THE CIRCUIT COURT OF COVINGTON COUNTY
STATE OF ALABAMA

| | |
|---|---|
| TONY CHANNELL, | |
| Plaintiff, | |
| v. | Case No.: _____ |
| NUTRITION DISTRIBUTION, LLC, d/b/a ANABOLIC XTREME, an Arizona company; ANABOLIC RESOURCES, LLC, an Arizona company; DESIGNER SUPPLEMENTS, INC., a New York Corporation; DPS NUTRITION, INC., a Pennsylvania Corporation; STG INVESTORS, LLC, d/b/a SUPPLEMENTSTOGO.COM, a Nevada company; FICTITIOUS DEFENDANTS A, B, C, D, E, and F, being those persons, firms or corporations whose fraud, scheme to defraud, negligence, and/or other wrongful conduct caused or contributed to Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

1. This is a civil action brought on behalf of Tony Channell, who purchased and used Defendants' product Superdrol™ for approximately five weeks. As a direct and proximate result of using this product, Mr. Channell was caused to suffer serious and life-threatening injuries including, but not limited to, liver failure.

2. Mr. Channell is an adult resident of Covington County, Alabama.

3.  Defendant, Nutrition Distribution, LLC, is a foreign company that is organized in the State of Arizona, has its principal place of business in Arizona, and is doing business as Anabolic Xtreme. At all times relevant herein, Nutrition Distribution, LLC/Anabolic Xtreme was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

4.  Defendant, Nutrition Distribution, LLC, is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its agent of record, Stephen M. Bonnell, at the following address: 2440 W 12th Street, Suite #3, Tempe, Arizona 85281.

5.  Defendant, Anabolic Resources, LLC, is a foreign company that is organized in the State of Arizona, has its principal place of business in Arizona. At all times relevant herein, Anabolic Resources, LLC, was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

6.  Defendant, Anabolic Resources, LLC, is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its agent of record, Richard Smith, at the following address: 2440 W 12th Street, Suite #3, Tempe, Arizona 85281.

7.  Defendant, Designer Supplements, Inc., is a foreign corporation incorporated in the State of New York and has its principal place of business in New York.

At all times relevant herein, Designer Supplements, Inc., was in the business of designing, testing, licensing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

8. Defendant Designer Supplements, Inc., is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its Chief Executive Officer, Matthew Cahill, at the following address: 1111 Park Lane North, Franklin Square, New York 11010.

9. Defendant, DPS Nutrition, Inc., is a foreign corporation incorporated in the State of Pennsylvania and has its principal place of business in Pennsylvania. At all times relevant herein, DPS Nutrition, Inc., was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

10. Defendant DPS Nutrition, Inc., is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its President, Douglas Pettinato, at the following address: 1510 North Main Avenue, Scranton, Pennsylvania 10508.

11. Defendant STG Investors, LLC, is a foreign company that is organized in the State of Arizona, has its principal place of business in Arizona, and is doing business as Supplementstogo.com. At all times relevant herein, STG Investors, LLC/Supplementstogo.com was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing

Superdrol™.

12. Defendant STG Investors, LLC, is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its agent of record, Your Entity Solution, LLC, at the following address: 6628 Sky Pointe Drive, Suite 290, Las Vegas, Nevada 89131.

13. Fictitious Defendants A, B, C, D, E, and F are those persons, firms or corporations whose actions, inactions, fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the injuries sustained by Mr. Channell, whose true and correct names are not known to Plaintiff at this time, but will be substituted by amendment when ascertained. At all times relevant hereto, the Fictitious Defendants were in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

14. "Defendants," as used in this Complaint, refers to all defendants, whether identified by name or as fictitious parties in the style of this Complaint, unless otherwise specified.

15. At all times relevant hereto, Defendants were in the business of designing, developing, testing, manufacturing, packaging, labeling, promoting, marketing, advertising, selling, and/or distributing Superdrol™ in interstate commerce and in the State of Alabama.

16. Superdrol™ is a dietary supplement/herbal product. Defendants did design, test, fail to test, manufacture, package, label, advertise, market, promote, sell, and/or

4

distribute Superdrol™. Defendants further encouraged the use of this product through advertising mediums and misrepresented its safety and concealed dangerous and potentially life-threatening side effects.

17.   As a direct and proximate result of using this product, Mr. Channell was caused to suffer serious and life-threatening injuries including, but not limited to, liver failure.

18.   At all times relevant hereto, Defendants actually knew or through the exercise of reasonable care should have known of the defective nature of Superdrol™ yet continued to design, test, fail to test, manufacture, package, label, advertise, market, promote, sell, and/or distribute this product so as to maximize sales and profits at the expense of the public's health and safety in conscious disregard of the foreseeable harm caused by this product.

19.   At all times material hereto, Defendants acted with conscious disregard of the foreseeable harm caused by Superdrol™ warranting an award of punitive damages to Mr. Channell.

20.   At all times material hereto, Defendants' conduct exhibited a level of care evidencing fraud, ill will, recklessness, and/or gross negligence warranting an award of punitive damages to Plaintiff.

21.   At all times material hereto, Defendants designed, tested, developed, manufactured, packaged, labeled, marketed, sold, and distributed Superdrol™ with willful and intentional disregard of the individual rights of Mr. Channell warranting an award of punitive damages to Mr. Channell.

22. Defendants thereby acted with oppression, fraud, and malice towards Mr. Channell, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future.

## CAUSES OF ACTION

### COUNT I – STRICT LIABILITY

23. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

24. Superdrol™, which was designed, tested, manufactured, packaged, labeled, advertised, marketed, promoted, sold, and/or distributed by Defendants, was placed in the stream of commerce by these Defendants, each individually and in concert, in a defective and unreasonably dangerous condition as designed, taking into consideration the utility of the product and the risks involved in its use.

25. Defendants' Superdrol™ was defective in its marketing due to the inadequate warnings and instructions that accompanied this product.

26. Defendants failed to provide timely and adequate warnings or instructions after they knew of the risk of injury by Superdrol™.

27. Defendants' Superdrol™ was defective due to inadequate testing and/or inadequate warning.

28. The defective nature of this product was the direct and proximate cause of

Mr. Channell's liver failure and resulting damages from which he has suffered and will continue to suffer in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

### COUNT II – NEGLIGENCE/WANTONNESS

29. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

30. At all times herein mentioned, Defendants had a duty to properly design, manufacture, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and take such steps to assure that Superdrol™ did not cause users to suffer from unreasonable and dangerous side effects. Defendants breached this duty. Defendants knew or should have known that the product, Superdrol™, created an unreasonable risk of bodily harm.

31. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid product was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and provided with proper warnings, it was likely to injure the product's user.

32. Defendants so negligently and carelessly manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over-promoted and supplied Superdrol™

that it was dangerous and unsafe for the use and purpose for which it was intended.

33. Despite the fact that Defendants knew or should have known that Superdrol™ caused unreasonable, dangerous side effects which many users would be unable to foresee or remedy by any means, Defendants continued to manufacture, advertise, market, promote, sell and/or distribute Superdrol™ to consumers, including Mr. Channell.

34. Defendants knew or should have known that consumers, such as Mr. Channell, would foreseeably suffer injury or death as a result of Defendants' failure to exercise ordinary care.

35. Defendants' negligence and wantonness was a direct and proximate cause of Mr. Channell's liver failure and resulting damages, from which he has suffered and will continue to suffer in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

## COUNT III – BREACH OF EXPRESS WARRANTY

36. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

37. Defendants made express representations to the general consuming public, including Mr. Channell, that Superdrol™ was safe.

38. Superdrol™ does not conform to the expressed representations made by Defendants because it is not safe and has serious, life-threatening side effects.

39. At the time of the making of the express warranties, Defendants had knowledge of the purpose for which Superdrol™ was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. Superdrol™ was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

40. Defendants' breach was direct and proximate cause of Mr. Channell's liver failure and resulting damages, from which he has suffered and will continue to suffer in the future.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

### COUNT IV – BREACH OF IMPLIED WARRANTY

41. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

42. At the time Defendants marketed, sold, and distributed Superdrol™ for use by Mr. Channell, Defendants knew of the use for which the product was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

43. Mr. Channell reasonably relied upon the skill, judgment, knowledge, and representations of Defendants as to whether Superdrol™ was indeed of merchantable quality and safe and fit for its intended use.

44. Mr. Channell reasonably relied upon the skill, judgment, knowledge, and representations of Defendants in selecting Superdrol™ for use.

45. Contrary to the implied warranties, Superdrol™ was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the use for which it was intended.

46. Defendants' breach was a direct and proximate cause of Mr. Channell's liver failure and resulting damages, from which he has suffered and will continue to suffer in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

### COUNT V – FRAUD/MISREPRESENTATION

47. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

48. Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Superdrol™ was safe and effective. Defendants represented Superdrol™ as safe so that the general consuming public, including Mr. Channell, would rely upon said representations when purchasing said product.

49. At the time Defendants made these representations, however, Defendants knew that these representations were false, and/or Defendants made the representations with reckless disregard of the truth.

50. Defendants' fraud and/or misrepresentations were the direct and proximate cause of Mr. Channell's liver failure and resulting damages from which he has suffered and will continue to suffer in the future.

51.     Defendants thereby acted with oppression, fraud, and malice towards Plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others from engaging in similar conduct in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

## JURY DEMAND

Mr. Channell hereby demands that all issues in this case be tried to a jury.

Respectfully submitted this the 1st day of November 2007.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, Alabama 36104
Telephone:   (334) 269-2343

David F. Miceli (MIC006)
**David F. Miceli, LLC**
119 Maple Street, Suite 201
Carrollton, Georgia 30117
Telephone:   (770) 834-2122

**Attorneys for Plaintiff**

ADDRESSES FOR SERVICE:

**DEFENDANT NUTRITION DISTRIBUTION, LLC**
c/o Stephen M. Bonnell
2440 W 12th Street, Suite #3
Tempe, Arizona 85281

**DEFENDANT ANABOLIC RESOURCES, LLC**
c/o Richard Smith
2440 W 12th Street, Suite #3
Tempe, Arizona 85281

**DEFENDANT DESIGNER SUPPLEMENTS, INC.**
c/o Matthew Cahill
1111 Park Lane North
Franklin Square, New York 11010

**DEFENDANT DPS NUTRITION, INC.**
c/o Douglas Pettinato
1510 North Main Avenue
Scranton, Pennsylvania 10508

**DEFENDANT STG INVESTORS, LLC**
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, Nevada 89131

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002022
Cashier ID: benrobi
Transaction Date: 12/19/2007
Payer Name: NIX HOLTSFORD GILLILAND
------------------------------------
CIVIL FILING FEE
  For: NIX HOLTSFORD GILLILAND
  Case/Party: D-ALM-2-07-CV-001103-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 32268
  Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00
```