IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 DEC 19  P 3:52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TONY CHANNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * CASE NO. 2:07-CV-1103- |
| NUTRITION DISTRIBUTION, | * |
| LLC, d/b/a ANABOLIC | * |
| XTREME, DESIGNER | * |
| SUPPLEMENTS, INC., et al., | * |
| | * |
| Defendants. | * |

**ANSWER OF DESIGNER SUPPLEMENTS, INC.**

COMES NOW the Defendant, Designer Supplements, Inc., and answers the Plaintiff's Complaint as follows:

1. While Tony Channell is the named Plaintiff in this case, the Defendant has insufficient information or knowledge to admit or deny the remaining allegations of this paragraph. Accordingly, all allegations of this paragraph are denied, including those which seek to impose any liability on this Defendant.

2. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

3. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

4. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

5. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

6. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

7. The Defendant admits that Designer Supplements, Inc., is a New York corporation with its principle place of business in New York. All remaining allegations of this paragraph are denied.

8. While the Defendant does not contest service in this case, the Defendant asserts that the Court lacks in personam or subject matter jurisdiction over the Defendant.

9. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

10. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

11. The Defendant has insufficient information or knowledge to admit or deny the

allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

12. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

13. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

14. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

15. The Defendant denies all liability and demands strict proof thereof.

16. The Defendant denies all liability and demands strict proof thereof.

17. The Defendant denies all liability and demands strict proof thereof.

18. The Defendant denies all liability and demands strict proof thereof.

19. The Defendant denies all liability and demands strict proof thereof.

20. The Defendant denies all liability and demands strict proof thereof.

21. The Defendant denies all liability and demands strict proof thereof.

22. The Defendant denies all liability and demands strict proof thereof.

CAUSES OF ACTION

COUNT I - STRICT LIABILITY

23. Admitted or denied as set forth above.

24. The Defendant denies all liability and demands strict proof thereof.

25. The Defendant denies all liability and demands strict proof thereof.

26. The Defendant denies all liability and demands strict proof thereof.

27. The Defendant denies all liability and demands strict proof thereof.

28. The Defendant denies all liability and demands strict proof thereof.

## COUNT II - NEGLIGENCE/WANTONNESS

29. Admitted or denied as set forth above.

30. The Defendant denies all liability and demands strict proof thereof.

31. The Defendant denies all liability and demands strict proof thereof.

32. The Defendant denies all liability and demands strict proof thereof.

33. The Defendant denies all liability and demands strict proof thereof.

34. The Defendant denies all liability and demands strict proof thereof.

35. The Defendant denies all liability and demands strict proof thereof.

## COUNT III - BREACH OF EXPRESS WARRANTY

36. Admitted or denied as set forth above.

37. The Defendant denies all liability and demands strict proof thereof.

38. The Defendant denies all liability and demands strict proof thereof.

39. The Defendant denies all liability and demands strict proof thereof.

40. The Defendant denies all liability and demands strict proof thereof.

## COUNT IV - BREACH OF IMPLIED WARRANTY

41. Admitted or denied as set forth above.

42. The Defendant denies all liability and demands strict proof thereof.

43. The Defendant denies all liability and demands strict proof thereof.

44. The Defendant denies all liability and demands strict proof thereof.

45. The Defendant denies all liability and demands strict proof thereof.

46. The Defendant denies all liability and demands strict proof thereof.

## COUNT V - FRAUD/MISREPRESENTATION

47. Admitted or denied as set forth above.

48. The Defendant denies all liability and demands strict proof thereof.

49. The Defendant denies all liability and demands strict proof thereof.

50. The Defendant denies all liability and demands strict proof thereof.

51. The Defendant denies all liability and demands strict proof thereof.

## DEFENSES

1. The Defendant asserts that the Court lacks subject matter jurisdiction over this action.

2. The Defendant asserts that the Court lacks in personam jurisdiction over the Defendant.

3. The Defendant asserts the defense of product misuse.

4. The Defendant asserts the defense of contributory negligence.

5. The Defendant asserts the defense of assumption of the risk.

6. The Defendant asserts that any alleged injury asserted by the Plaintiff is not causally related to any action or inaction on the part of this Defendant.

7. The Defendant pleads the sealed container doctrine as a defense.

8. The Defendant pleads the doctrine of intervening cause as a defense.

9. The Defendant pleads the doctrine of implied assumption of the risk as a defense.

10. The Defendant pleads the defense of spoliation.

11. The Defendant pleads the statute of limitations as a defense.

## CONSTITUTIONAL DEFENSES

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States

Constitution;

5. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the fifth and fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

8. Defendant avers that the Plaintiffs' demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth at § 6-11-21, Ala. Code 1975.

9. The Defendant asserts that any punitive damages awarded against joint tortfeasors in this case should be apportioned according to each Defendant's proportionate degree of culpability. Any recovery of punitive damages by execution from a Defendant who does not deserve a penalty or who deserves a lesser penalty based upon his or her fault, others who may be culpable and deserving of the penalty go unpunished, is unconstitutional and inconsistent with the policy underlying punitive damages in Alabama.

Respectfully submitted this 19th day of December, 2007.

_____
S. ANTHONY HIGGINS
Attorney for Defendant Designer
Supplements, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing instrument has been served on:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

Kathy R. Davis, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

Nutrition Distribution, LLC
c/o Stephen M. Bonnell
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 19th day of December, 2007.

_____
OF COUNSEL