IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 DEC 19 P 3:52
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TONY CHANNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * CASE NO. 2:07-CV-1103 |
| NUTRITION DISTRIBUTION, | * |
| LLC, d/b/a ANABOLIC | * |
| XTREME, DESIGNER | * |
| SUPPLEMENTS, INC., et al., | * |
| | * |
| Defendants. | * |

**DESIGNER SUPPLEMENTS, INC.'S MOTION TO
SUBMIT LIMITED-PURPOSE DISCOVERY ON
ISSUE OF DAMAGES TO PLAINTIFF**

COMES NOW the Defendant, Designer Supplements, Inc., and respectfully requests this Honorable Court to allow the Defendant to submit limited-purpose discovery to the Plaintiff on the issue of the damages sought in this case. In support of said motion, the Defendant states as follows:

1. This case was originally filed in the Circuit Court of Covington County, Alabama, on November 2, 2007. Subsequently, the Defendant filed removal pleadings seeking to remove this case based upon diversity of citizenship under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). According to the allegations of the Complaint, there does not appear to be any dispute that complete diversity among the parties exists in this case.

2. The Complaint filed by the Plaintiff is not specific with respect to the damages sought. However, the Complaint does assert that the Plaintiff "was caused to suffer serious

and life-threatening injuries, including, but not limited to, liver failure." The Complaint also asserts that the Plaintiff suffered injuries "from which he has suffered and will continue to suffer in the future." Finally, the Complaint seeks an unspecified amount of punitive damages "for the sake of example and for the purpose of punishing the Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others from engaging in similar conduct in the future."

3. In essence, the Plaintiff alleges that he suffered "serious and life-threatening injuries" as a result of his use of Superdrol, a nutritional supplement product allegedly designed, marketed, distributed and sold by the various Defendants in this case.

4. Where the Plaintiff has not pled a specific amount of damages, the defendant removing on the basis of diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006). However, the filing of the Plaintiff's lawsuit was the first notice of any claim to the Defendant. Accordingly, other than reviewing and interpreting the Plaintiff's Complaint, it is difficult, if not impossible, for the Defendant to specifically address the issue of damages. However, the Defendant asserts that the clear wording of the Plaintiff's Complaint, although it does not state a specific amount of compensatory and punitive damages sought, establishes that the jurisdictional limit has been met and that removal is proper in this case.

5. In the event that the Plaintiff contests the removal of this case on the grounds that the amount in controversy requirement has not been met, the Defendant respectfully

requests this Honorable Court to allow the Defendant to submit to the Plaintiff limited-purpose discovery solely directed at the issue of damages. More specifically, the Defendant requests the ability to submit to the Plaintiff the limited-purpose Request for Admissions attached hereto as Exhibit A prior to the Court ruling on any motion to remand filed by the Plaintiff based on the issue of damages.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court, in the event the Plaintiff seeks to remand this case on the basis that the amount in controversy requirement has not been met, to allow the Defendant to submit the limited-purpose discovery attached hereto as Exhibit A to the Plaintiff. The Defendant further requests the opportunity to have the Plaintiff respond to this discovery on the issue of damages prior to the Court ruling on any motion to remand which may be filed in this case.

Respectfully submitted this 19th day of December, 2007.

_____
S. ANTHONY HIGGINS
Attorney for Defendant Designer
Supplements, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

Kathy R. Davis, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

Nutrition Distribution, LLC
c/o Stephen M. Bonnell
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 19th day of December, 2007.

_____
OF COUNSEL

4



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CHANNELL, | * |
| Plaintiff, | * |
| v. | * |
| | * CASE NO. _____ |
| NUTRITION DISTRIBUTION, LLC, d/b/a ANABOLIC XTREME, DESIGNER SUPPLEMENTS, INC., et al., | * |
| Defendants. | * |

**DESIGNER SUPPLEMENTS, INC.'S
FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF**

COMES NOW the Defendant, Designer Supplements, Inc., and requests the Plaintiff to answer the following requests for admissions in accordance with the Federal Rules of Civil Procedure:

1. Please admit or deny you are seeking to recover punitive damages against the Defendants in this case.

2. Please admit or deny that the compensatory damages you are seeking from the Defendants in this case exceed $75,000.00.

3. Please admit or deny that the punitive damages you are seeking against the Defendants in this case exceed $75,000.00.

4. Please admit or deny that the total of compensatory and punitive damages you are seeking to recover from the Defendants in this case exceeds $75,000.00.

5. Please admit or deny that the total monetary amount in controversy in this case exceeds $75,000.00.

Respectfully submitted this _____ day of December, 2007.

_____
S. ANTHONY HIGGINS
Attorney for Defendant Designer
Supplements, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

### CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

Kathy R. Davis, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

Nutrition Distribution, LLC
c/o Stephen M. Bonnell
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the _____ day of _____, 2007.

_____
OF COUNSEL