IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CHANNELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:07-cv-01103-TFM |
| | * | |
| NUTRITION DISTRIBUTION, LLC, | * | |
| d/b/a ANABOLIC EXTREME, | * | |
| DESIGNER SUPPLEMENTS, INC., | * | |
| et al., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND AND RESPONSE IN OPPOSITION TO DEFENDANT DESIGNER SUPPLEMENTS, INC.'S, MOTION TO SUBMIT LIMITED DISCOVERY ON THE ISSUE OF DAMAGES**

Tony Channell requests that the Court enter an order remanding this case to the Circuit Court of Covington County, Alabama, and denying Designer Supplements Inc.'s, Motion to Submit Limited Discovery on the Issue of Damages. Designer Supplements, Inc., has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy requirement has been met. Designer Supplements, Inc., is not entitled to conduct jurisdictional discovery to attempt to meet its heavy burden.

Finally, Defendants STG Investors, LLC, and DPS Nutrition, Inc., have failed to join Defendant, Designer Supplements, Inc.'s, removal in writing, thus, rendering the removal procedurally defective. Further, as more than 30 days have passed since the service of process was perfected on the earliest-served defendant, this defect is incurable. Accordingly, remand is required by 28 U.S.C. § 1447(c) and Eleventh Circuit precedent.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action arises from injuries Tony Channell suffered as a result of using Defendants' product "Superdrol," a dietary supplement/herbal product. Complaint, ¶¶ 1, 16.

Defendants designed, tested, failed to test, manufactured, packaged, labeled, advertised, marketed, promoted, sold, supplied and/or distributed Superdol. Complaint, ¶¶ 15, 16. At all times relevant to Plaintiff's Complaint, Defendants knew or should have known of the defective and unreasonably dangerous nature of Superdrol, yet Defendants continued to design, test, fail to test, manufacture, package, label, advertise, market, promote, sell, supply and/or distribute Superdrol so as to maximize sales and profits at the expense of public health and safety, in conscious disregard of the foreseeable harm caused by this product. Complaint, ¶ 18.

On November 2, 2007, Tony Channell filed suit in the Circuit Court of Covington County, Alabama. Designer Supplements, Inc., was served on November 21, 2007, and filed its Notice of Removal (Doc. 1), Answer (Doc. 2), and a Motion for Limited Discovery (Doc. 3) on the issue of damages on December 19, 2007. The Notice of Removal states that Defendants, STG Investors, LLC, and DPS Nutrition, Inc., were joining in the removal, yet the removal papers are devoid of any written acquiescence to the removal.

## III.   ARGUMENT

**A.   Designer Supplements, Inc., has not met its burden of proving by preponderance of the evidence that the amount in controversy requirement has been met.**

In its Notice of Removal (Doc. 1), Designer Supplements, Inc., alleges that

removal is proper under the diversity jurisdiction statute, 28 USC § 1332. Designer Supplements, Inc., relies solely on speculation and conjecture that the amount in controversy exceeds $75,000. Designer Supplements, Inc.'s, lack of a factual basis for removal is evidenced by its filing a Motion for Limited Discovery on the issue of damages (a practice directly addressed in – and forbidden by – *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007)). Eleventh Circuit precedent on the issue of removal and remand in this context is now clear:

> The removal-remand scheme set forth in 28 USC §1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the Court, or readily deducible from them, then the Court has jurisdiction. If not, the court must remand.

*Lowery*, 483 F.3d at 1211.

In the removal context, where damages are unspecified (as in this case), the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). Specifically, the removing defendant must establish the amount in controversy by "the greater weight of the evidence, of superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery*, 483 F.3d at 1209 (citing *Black's Law Dictionary*, 1220 (8th Ed. 2004)). In cases where the amount in controversy cannot be gleaned from the documents before the Court, "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Id*. at 1211.

3

As in *Lowery*, the Complaint in this case does not contain an *ad damnum* clause and thus any attempt to engage in a preponderance of the evidence assessment of the amount in controversy would be pure speculation and conjecture in the absence of any evidence. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). Nevertheless, Designer Supplements, Inc., asks the Court to do just that.

Based on the holding in *Lowery*, Designer Supplements, Inc., has not met its burden of establishing jurisdiction based on the amount in controversy and remand is required. *See also Constant v. International House of Pancakes*, 487 F.Supp. 2d 1308 (N.D. Ala. 2007), *Carswell v. Sears, Roebuck And Co.*, slip copy, 2007 WL 1697003 (M.D.Ala. June 12, 2007), *Jackson v. Peoples South Bank*, slip. copy, 2007 WL 1857169 (M.D. Ala. June 27, 2007), *Ellis Motor Cars, Inc. v. Westport Ins. Corp.*, slip copy, 2007 WL 1991573 (M.D. Ala. July 5, 2007), *Cleveland v. Ark-La-Tex Financial Services, L.L.C.,* slip copy, 2007 WL 2460753 (S.D.Ala. Aug. 24, 2007), *Spidell v. Midland Credit Management, Inc.,* slip copy, 2007 WL 3171380 (M.D.Ala. Oct. 26, 2007), *Pearson's Pharmacy, Inc., v. Blue Cross & Blue Shield of Alabama*, slip copy, 2007 WL 3496031 (M.D.Ala. Nov. 14, 2007) (all holding remand was appropriate because the removing parties failed to meet their burden under *Lowery*).

**B.     Under *Lowery,* Designer Supplements, Inc., is not entitled to conduct limited discovery on the issue of damages.**

Designer Supplements, Inc., filed a Motion for Discovery, limited to the issue of damages, with its Notice of Removal – a tacit admission that it lacks a factual basis for filing its Notice of Removal. The *Lowery* court directly addressed this issue:

> Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under § 1446(a). Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss. The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.
>
> ***
>
> The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court.
>
> Post-removal discovery disrupts the careful assignment of burdens and the delicate balance struck by the underlying rules. A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Lowery*, 483 F.3d at 1216-1218.

Designer Supplements, Inc., does not get to have its cake and eat it to; it has represented to the Court under Rule 11 in its Notice of Removal that jurisdiction indeed exists, but it also seeks to conduct discovery *just in case* it doesn't. *See* Doc. 3 at ¶ 5.

5

This practice is no longer permitted under *Lowery* and Designer Supplements, Inc.'s, Motion is due to be denied.

**C.     The Removal Is Procedurally Defective Because Designer Supplements, Inc., Did Not Obtain Written Consent of Defendants, STG Investors, LLC, and DPS Nutrition, Inc., Before Removal.**

The removal statute requires all served defendants to join in the removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970); *Clay v. Brown & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1222 n. 3. Consent to removal by the served defendants other than the removing defendants must be in writing, *Getty Oil Division of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1262 and n.11 (5th Cir. 1988); *Miles v. Kilgore*, 928 F.Supp. 1071, 1077 (N.D.Ala. 1996), and must be obtained and filed no later than thirty (30) days from the date on which the first-served defendant was served. *Miles,* 928 F.Supp. at 1076; *East v. Long*, 785 F.Supp. 941, 945 (N.D.Ala. 1992). The thirty (30) day time limit, although not jurisdictional, is mandatory, *Alexander by Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1222 (M.D.Ala. 1991) (overruled on other grounds), and the removing defendants' failure to obtain the necessary consent within the thirty (30) day period cannot be remedied by amendment after that period has passed. *Id.* at 1221-22. If one of the properly served defendants refuses or fails to give timely consent, the removal is procedurally defective, and the case <u>must</u> be remanded upon the timely challenge by the plaintiff. *Miles*, 928 F.Supp. at 1078.

As noted above, Defendants, STG Investors, LLC, and DPS Nutrition, Inc., both served on November 19, 2007, did not join in the Notice of Removal, and did not file any separate consent, whether timely or at all. Instead, Defendant Designer Supplements,

6

Inc., simply declares in its Notice of Removal that the others have consented. Such an attempt is inadequate and fatal: "the mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to removal." *Id.* at 1076.

Moreover, Designer Supplements, Inc., has not claimed, nor can it claim, that any other exception to the consent requirement applies. *See, Id..* at 1078*; Alexander*, 772 F.Supp at 1222-23. Because Defendant Designer Supplements, Inc., failed to obtain the consent of all served defendants before removing this case, the Notice of Removal is procedurally defective, and this case must be remanded to the Circuit Court of Covington County, Alabama.

## IV. CONCLUSION

As set forth above, Tony Channell's Motion to Remand is due to be granted, and Designer Supplements, Inc.'s, Motion for Discovery is due to be denied.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
Matthew E. Munson (MUN015)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
234 Commerce Street
Montgomery, Alabama 36104

David F. Miceli (MIC006)
DAVID F. MICELI, L.L.C.
119 Maple Street, Suite 201
Carrollton, Georgia 30117

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I hereby certify that foregoing document was filed electronically on this 4th day of January, 2008 by uploading the same to the Court's CM/ECF system which will send a Notice of Electronic Filing upon all counsel of record.

                                                  /s/ W. Roger Smith, III
                                                  OF COUNSEL