IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TONY CHANNELL,                     ) | |
|                                ) | |
|    Plaintiff,                     ) | |
|                                ) | CIVIL ACTION NO. |
|    v.                              ) | 2:07cv1103-MHT |
|                                ) | |
| NUTRITION DISTRIBUTION,            ) | |
| LLC, d/b/a Anabolic                ) | |
| Xtrene, et al.,                    ) | |
|                                ) | |
|    Defendants.                    ) | |

ORDER

In its notice of removal filed on December 19, 2007, defendant Designer Supplements, Inc. states that "the Complaint is vague with respect to the exact nature of the injuries and damages sought" and that "the Defendant respectfully requests this Honorable Court to allow it to conduct limited-purpose discovery on the issue of damages before ruling on any motion to remand filed on behalf on the Plaintiff." In <u>Lowery v. Alabama Power Co</u>., 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit Court of

Appeals stated that "The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court." 483 F.3d at 1217. The court explained that, "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Id.

Accordingly, it is ORDERED that defendant Designer Supplements, Inc. show cause, if any there be, in writing by January 23, 2008, as to why this cause should not be remanded to state court based on the above principle of law.

DONE, this the 7th day of January, 2008.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE