UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY CHANNELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | NO. 2:07-cv-01103-TFM |
| | * | |
| NUTRITION DISTRIBUTION, LLC, et al., | * | |
| | * | |
| Defendants. | * | |

**ANSWER ON BEHALF OF**
**NUTRITION DISTRIBUTION, LLC**

COMES NOW Nutrition Distribution, LLC, and in response to plaintiff's complaint, answers as follows:

**FIRST DEFENSE**

1. Defendant has insufficient information to admit or deny that plaintiff purchased and used Superdrol. In an abundance of caution, defendant denies those allegations, as well as the remaining allegations of paragraph 1.

2. Denied for lack of sufficient knowledge and information.

3. Defendant admits that it was organized in the State of Arizona and has its principal place of business in Arizona. The remaining allegations in this paragraph are denied.

4. Defendant admits that it is not registered or qualified to do business in Alabama. However, by filing this appearance, and without waiving in personam jurisdiction defenses, service of process is moot.

5. The allegations contained in paragraph 5 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

6. The allegations contained in paragraph 6 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

7. The allegations contained in paragraph 7 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

8. The allegations contained in paragraph 8 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

9. The allegations contained in paragraph 9 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

10. The allegations contained in paragraph 10 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

11. The allegations contained in paragraph 11 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

12. The allegations contained in paragraph 12 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

13. The allegations contained in paragraph 13 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

14. The allegations contained in paragraph 14 do not require an answer of this defendant. In an abundance of caution, the allegations are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I

23. Defendant reaffirms each response to each prior allegation as set forth hereinabove.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II

29. Defendant reaffirms each response to each prior allegation as set forth hereinabove.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III

36. Defendant reaffirms each response to each prior allegation as set forth hereinabove.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT IV

41. Defendant reaffirms each response to each prior allegation as set forth hereinabove.

42. Denied.

43. Defendant has insufficient knowledge and information to admit or deny the allegations. In an abundance of caution, the allegations are denied.

44. Defendant has insufficient knowledge and information to admit or deny the allegations. In an abundance of caution, the allegations are denied.

45. Denied.

46. Denied.

## COUNT V

47. Defendant reaffirms each response to each prior allegation as set forth hereinabove.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## SECOND DEFENSE

Nutrition Distribution, LLC committed no act that caused or contributed to any of the damages alleged by plaintiff.

## THIRD DEFENSE

The damages complained of herein resulted from the acts and/or omissions of persons or entities other than Nutrition Distribution, LLC, and, therefore, plaintiff's claims against it are barred.

**FOURTH DEFENSE**

Nutrition Distribution, LLC asserts that fault should be allocated amongst the persons or entities whose acts or omissions caused the damages complained of herein.

**FIFTH DEFENSE**

Acts or omissions of persons or entities other than Nutrition Distribution, LLC constitute an independent, superseding cause of the damages complained of herein and; therefore, plaintiff's claims against it are barred.

**SIXTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused in whole or in part by his own negligence, contributory negligence, reckless disregard and/or other culpable conduct, and, therefore, plaintiff's recovery, if any, is totally or partially barred or disallowed by his own negligence, contributory negligence, reckless disregard and/or other culpable conduct.

**SEVENTH DEFENSE**

Due to the misuse of the product at issue, Nutrition Distribution, LLC is not liable to plaintiff.

**EIGHTH DEFENSE**

Nutrition Distribution, LLC is not liable to plaintiff due to the plaintiff's assumption of the risk.

**NINTH DEFENSE**

Nutrition Distribution, LLC is entitled to a set-off and credit for any and all sums paid to or on behalf of plaintiff by any other party or collateral source as a result of or related to this lawsuit.

**TENTH DEFENSE**

Nutrition Distribution, LLC asserts that it is entitled to all defenses available to it under the Alabama Extended Manufacturers Liability Doctrine.

**ELEVENTH DEFENSE**

Plaintiff has asserted tort claims that allow for the imposition of punitive damages in certain cases. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901 because the imposition of punitive damages would violate this defendant's right to substantive due process.

**TWELFTH DEFENSE**

The imposition of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Articles 1, 6 and 22 of the Alabama Constitution, in each of the following ways:

(a) Alabama law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injury, thereby violating the 14th Amendment of the U.S. Constitution.

(b) Disproportionate punitive damages constitute an arbitrary and capricious taking of property that is unjustified by any rational governmental interest, thereby violating the 5th and 14th Amendments of the U.S. Constitution.

(c) The award of any punitive damages without specific standards to guide the jury's discretion in determining the <u>amount</u> of damages is contrary to due process under the 14th Amendment of the U.S. Constitution.

(d) Alabama law does not provide a reasonable limit on the amount of any punitive damages award, thus violating the 14th Amendment of the U.S. Constitution.

(e) The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the 14th Amendment of the U.S. Constitution.

(f) Alabama law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the 5th and 14th Amendments of the United States Constitution.

(g) Alabama law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h) Alabama law permits joint and several punishment of defendant who are guilty of different acts and degrees of culpability.

(i) Alabama law permits multiple awards of punitive damages for the same alleged act or omission.

**THIRTEENTH DEFENSE**

Alabama's punitive damages law violates the Fifth Amendment guarantee against self-incrimination under the U.S. Constitution because said claim is penal in nature, while defendant is required to disclose documents and/or other evidence against its interest under the rules of discovery and evidence.

**FOURTEENTH DEFENSE**

Pursuant to Ala. Code § 6-11-21, Nutrition Distribution, LLC is not liable for any portion of any award of punitive damages wherein there have been no express findings that it engaged in conduct as defined in Ala. Code § 6-11-20. Nutrition Distribution, LLC is not jointly and severally liable to plaintiff for any award of punitive damages based upon the conduct of any other defendant.

**FIFTEENTH DEFENSE**

The imposition of punitive damages against Nutrition Distribution, LLC in an amount exceeding any actual and potential harm by an excessive and/or unconstitutional ratio violates its due process rights as guaranteed by the United States Constitution.

**SIXTEENTH DEFENSE**

The imposition of punitive damages under Alabama's current system fails to provide fair notice to Nutrition Distribution, LLC that the alleged wrongful conduct could subject it to punishment and also fails to provide fair notice of the severity of the punishment that the State could impose through an award of punitive damages.  This lack of fair notice violates Nutrition Distribution, LLC's due process rights, both procedural and substantive, as guaranteed by the United States Constitution.

**SEVENTEENTH  DEFENSE**

The imposition of punitive damages against Nutrition Distribution, LLC in this case, if any, violates its due process rights as guaranteed by the United States Constitution because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the Nutrition Distribution, LLC's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

**EIGHTEENTH DEFENSE**

Any award of punitive damages in this case would violate the Eighth Amendment to the U.S. Constitution as an excessive fine.  Also, any award of punitive damages in this case would violate Article I, § 15 of the Alabama Constitution as an excessive fine.

### NINETEENTH DEFENSE

Any damages plaintiff might be entitled to recover are subject to the limitations of Ala. Code § 6-11-21

### TWENTIETH DEFENSE

Nutrition Distribution, LLC contends that the limits on punitive damages imposed by Ala. Code § 6-11-21 should apply as a matter of rule and established public policy without alteration or amendment by the Court and that § 6-11-21 is constitutional.  Nutrition Distribution, LLC further contends that the principle of deference to the legislature's will should prevail with respect to the limits imposed on punitive damages awards and that any holding that does not so defer violates the separation of powers clauses of the Constitution of the United States and the Constitution of the State of Alabama.

### TWENTY FIRST DEFENSE

All allegations contained in plaintiffs' complaint that are not specifically admitted are denied.

### TWENTY-SECOND DEFENSE

Defendant asserts that the Court lacks in personam jurisdiction over this defendant.

### TWENTY-THIRD DEFENSE

Plaintiff's claims in whole or in part are barred by the statute of limitations.

### TWENTY-FOURTH DEFENSE

Nutrition Distribution, LLC reserves the right to amend its answer and assert such additional defenses as may be available upon the development of facts in the discovery process or otherwise in the course of this litigation and under applicable substantive law.

/s/ Andrew C. Clausen
ANDREW C. CLAUSEN #CLAUA4252
Attorney for Nutrition Distribution, LLC

OF COUNSEL:
ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2008, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

W. Roger Smith, III, Esq.
Matthew Edward Munson, Esq.
Beasley Allen Crow Methvin Portis & Miles
234 Commerce Street
Montgomery, AL  36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA  30117

Kathy R. Davis, Esq.
Carr Allison Pugh Howard Oliver & Sisson PC
100 Vestavia Parkway
Birmingham, AL  35216

S. Anthony Higgins, Esq.
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, AL  36103

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ  85281

STG Investors, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE  89131

                                /s/ Andrew C. Clausen
                                COUNSEL