IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CHANNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * CASE NO. 2:07-cv-01103-TFM |
| NUTRITION DISTRIBUTION, | * |
| LLC, d/b/a ANABOLIC | * |
| XTREME, DESIGNER | * |
| SUPPLEMENTS, INC., et al., | * |
| | * |
| Defendants. | * |

**RESPONSE OF DESIGNER SUPPLEMENTS, INC. TO
PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Defendant, Designer Supplements, Inc., and submits the following in response to the Plaintiff's Motion to Remand this action to the Circuit Court of Covington County, Alabama.

I. <u>Statement of Facts and Procedural History</u>

On November 2, 2007, Tony Channell filed suit in the Circuit Court of Covington County, Alabama, against Designer Supplements, Inc., and others for injuries allegedly sustained as a result of using a "dietary supplement/herbal product" named "Superdrol." Designer Supplements, Inc., was served on or about November 21, 2007, and filed its Notice of Removal (Doc. 1), Answer (Doc. 2), and Motion for Limited Discovery (Doc. 3) on the Issue of Damages on December 19, 2007. Co-defendants STG Investors, LLC, and DPS Nutrition, Inc., were both served on or about November 19, 2007, and both consented to the removal of the case. A copy of the written consent of STG Investors, LLC, dated

December 18, 2007, is attached hereto as Exhibit A. The written consent of DPS Nutrition, Inc., dated December 17, 2007, is attached hereto as Exhibit B.[1] The complete diversity of the parties is not disputed.

As of the time of the December 19, 2007, removal by Designer Supplements, Inc., the remaining two Defendants, Nutrition Distribution, LLC, and Anabolic Resources, LLC, had not been properly served with a copy of the Complaint. Attached hereto as Exhibit C is the December 18, 2007, computer print-out from the Alacourt.com data base showing the procedural status of this litigation prior to removal. According to the Alacourt.com print-out, service was "refused" by both Nutrition Distribution, LLC, and Anabolic Resources, LLC on December 10, 2007.

On January 9, 2008, an answer was filed on behalf of Nutrition Distribution, LLC. (Doc. 21). On that same date, Nutrition Distribution, LLC, filed a Consent and Notice of Joinder and Notice of Removal. (Doc. 22).

Anabolic Resources, LLC, has not filed an answer to the Complaint. In fact, on January 2, 2008, Anabolic Resources, LLC, filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court in the District of Arizona. (See Doc. 27, Exhibit A). Counsel for Designer Supplements, Inc., alerted the Court of the recently-filed bankruptcy petition of Anabolic Resources, LLC, via a Suggestion of Bankruptcy filed with the Court on January 14, 2008. (Doc. 27).

---

[1]In addition to the written consents attached hereto as Exhibits A and B, DPS Nutrition, Inc., also filed a Voluntary Joinder in Notice of Removal with the Court on January 7, 2008 (Doc. 17).

On or about January 4, 2008, the Plaintiff filed a Motion to Remand (Doc. 12) accompanied by a supporting brief (Doc. 13). Based on the foregoing, as well as the argument set forth below, Defendant Designer Supplements, Inc., asserts that the Plaintiff's Motion to Remand should be denied and that this Honorable Court has subject matter jurisdiction over this case.

## II. Argument

1. There Are No Procedural Defects Which Prevent this Court from Retaining Jurisdiction over this Case.

Initially, the Plaintiffs argue that the removal of this case by Designer Supplements, Inc., is procedurally defective because of the failure of the Defendants properly served at the time of the removal to consent. However, as evidenced by Exhibits A and B, both of the properly-served Defendants at the time of removal, STG Investors, LLC, and DPS Nutrition, Inc., consented in writing to the removal of this case. Both of these co-defendants were served with the Complaint via certified mail on November 19, 2007 (see Exhibit C) and both consented in writing within 30 days of service. (See Exhibits A and B).[2] Although these written consents were not filed with the Notice of Removal filed by Designer Supplements, Inc., counsel for Designer Supplements, Inc., correctly and accurately represented to the Court, as an officer of the Court, that Designer Supplements,

---

[2]The remaining two co-defendants, Nutrition Distribution, LLC, and Anabolic Resources, LLC, were not properly served as of the time of the removal. While the Plaintiff correctly points out that the removal statute requires all served Defendants to join in the removal, such consent is not required from non-served Defendants. *Paz v. Bonita Tomato Growers, Inc.*, 920 F.Supp. 174 (M.D. Fla. 1996)(joinder unnecessary because defendant had not been served with process).

3

Inc., had obtained consent from the properly-served Defendants in this case prior to the removal of this case. In light of the above, there are no procedural defects concerning consent which would preclude this Court from retaining jurisdiction over this case.

Based on the foregoing, Designer Supplements, Inc., asserts that there are no procedural defects in its removal which would prevent the Court from taking jurisdiction. Accordingly, Designer Supplements, Inc., respectfully requests this Honorable Court to deny the Plaintiff's Motion to Remand on the procedural basis asserted by the Plaintiff.

    2.    <u>Designer Supplements, Inc., Has Met its Burden of Proving the Amount in Controversy Requirement Has Been Met</u>

As set forth in its removal pleadings, Designer Supplements, Inc., asserts that the amount in controversy requirement has been met in this case. Although the Plaintiff's Complaint seeks an unspecified sum of compensatory and punitive damages, the Plaintiff alleges in his Complaint that he "was caused to suffer serious and life-threatening injuries, including, but not limited to, liver failure." (See Complaint, ¶ 1). The Complaint further alleges that the Plaintiff has suffered injuries "from which he has suffered and will continue to suffer in the future." *Id.* at ¶ 40. Finally, the Complaint seeks an amount of punitive damages "for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future." *Id.* at ¶ 22. Based on the foregoing, Designer Supplements, Inc., asserts that the amount in controversy requirement has been met in this case and that the Court should retain jurisdiction of this case.

In spite of the above, Designer Supplements, Inc., acknowledges that the recent Eleventh Circuit decision in *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007) now makes it more difficult for a defendant to establish the requisite amount in controversy in a case such as this one where the lawsuit is the defendants' first notice of the claim and where the Complaint does not specify the damages sought. In addition, it also now appears, pursuant to the *Lowery* decision, that limited discovery on the issue of damages such as that sought in this case by Designer Supplements, Inc., is now disfavored in this Circuit. However, the *Lowery* decision now seems to place defendants such as Designer Supplements, Inc., in an unenviable, if not impossible, position with respect to the decision to remove cases such as the one at bar.

In this case, the lawsuit filed on behalf of the Plaintiff was the first notice to the Defendant of the Plaintiff's personal injury claim. Under the applicable removal statutes, Designer Supplements, Inc., had 30 days from the first date of service on any of the Defendants in which to remove this case. During this time period, no discovery could be done and no independent investigation was feasible in which to thoroughly evaluate the Plaintiff's damages claim. Under 28 U.S.C. § 1441(a), a defendant may remove a state court proceeding to federal court if the federal court could have entertained the suit originally. However, "[a] state court defendant may lose or waive the right to remove a case to federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Tillis v. Cameron*, 2007 WL 2806770 (M.D. Ala.)(quoting 14V Charles Allen

Wright, et al., *Federal Practice and Procedure*, § 3721, at 363 (3rd Ed. 1998)). Because of this risk of waiver of the right to remove, a defendant like Designer Supplements, Inc., is essentially placed in a high-risk situation with respect to losing its right to remove by not removing at the initial stages when there is complete diversity and the defendant believes in good faith that the amount in controversy exceeds $75,000.00. For example, in the case at bar, had Designer Supplements, Inc., not sought removal of this case at the earliest possible stage, it is highly likely that the Plaintiff would subsequently argue that the amount in controversy requirement had been met in the initial Complaint and that Designer Supplements, Inc., waived its right to remove by filing an answer in state court and engaging in initial discovery. In sum, the Plaintiff's anticipated argument that the amount in controversy requirement has been met in this case by the original Complaint would then be identical to the one asserted by Designer Supplements, Inc., in its removal pleadings.

Historically, many district courts within the Eleventh Circuit have allowed limited purpose discovery on the issue of damages such as that sought by Designer Supplements, Inc., in this case. While this procedure is apparently no longer favored pursuant to *Lowery*, the Court does have the ability to take steps at this early stage to address the amount in controversy issue. In *Lowery*, while holding that limited purpose discovery should not be permitted to establish the amount in controversy requirement, held that the Court need not close its eyes or cover its ears in addressing this issue:

> "This is not to say that the district court would be prejudiced from engaging in conduct that is within its inherent power, but falls short of invoking

>formal discovery, such as questioning a plaintiff's counsel in open court about the value of the plaintiff's claims."

483 F.3d at 1218, f. 75.

In light of this, Designer Supplements, Inc., respectfully requests this Honorable Court to set the Plaintiff's Motion to Remand for a hearing so that the Court can make a simple inquiry to the Plaintiff's counsel as to whether the amount in controversy exceeds $75,000.00 prior to issuing an order remanding this case back to state court. This matter could be addressed economically through a telephonic hearing or the requirement that counsel for the Plaintiff submit a simple stipulation regarding the amount in controversy. Designer Supplements, Inc., is confident that this case has an amount in controversy in excess of $75,000 and that this issue should be addressed at this point rather than sending the parties back to state court where the identical discovery will be conducted, most likely resulting in a second removal of this case. Designer Supplements, Inc., also notes that at no point in the remand pleadings filed on behalf of the Plaintiff does the Plaintiff's counsel simply represent to the Court that the amount in controversy in this case is <u>less</u> than $75,000. While it is not the Plaintiff's burden at this point to establish damages, the Plaintiff and his counsel have a duty to this Court to act in good faith, to be candid and not to play procedural games on a case such as this in which serious personal injuries are alleged and there is no issue that complete diversity of citizenship exists among the parties.

### III. <u>Conclusion</u>

Based on the foregoing, Designer Supplements, Inc., respectfully requests this Honorable Court to deny the Plaintiff's Motion to Remand. Alternatively, Designer

Supplements, Inc., respectfully requests this Honorable Court to set the Plaintiff's Motion for an in-person or telephonic hearing so that the amount in controversy requirement can be addressed by the Court in more detail.

    Respectfully submitted this 23rd day of January, 2008.

                              /s/S. Anthony Higgins
                              S. ANTHONY HIGGINS
                              Attorney for Defendant Designer
                              Supplements, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 23rd day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and/or the same will be placed in the United States Mail to:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

Kathy R. Davis, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

8

Andrew C. Clausen, Esq.
Alford, Clausen & McDonald
One St. Louis Centre, Suite 5000
Mobile, AL 36602

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

                                                /s/S. Anthony Higgins
                                                OF COUNSEL



## Tony Higgins

**From:** Michelle C. Lombino [mcl@jaburgwilk.com]
**Sent:** Tuesday, December 18, 2007 4:37 PM
**To:** Tony Higgins
**Cc:** jeffreyburd@fuse.net; Fred Auzenne
**Subject:** Channell v. STG Investors, et al

Dear Tony:

Confirming our telephone conversation today, STG Investors consents to removal of this action from state court to federal court in the middle district of Alabama. Thank you.

Michelle C. Lombino
JABURG & WILK, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, Arizona 85012
602/ 248-1027
mcl@jaburgwilk.com
www.jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

12/19/2007



EXHIBIT B



100 Vestavia Parkway
Birmingham, AL 35216
Phone (205) 822-2006
Fax (205) 822-2057
www.carrallison.com

Kathy R. Davis, Esq.
Direct Dial (205) 949-2953
krdavis@carrallison.com

December 17, 2007

<u>By Facsimile at 334-215-7101</u>
S. Anthony Higgins, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
Post Office box 4128
Montgomery, AL 36103

RE: Tony Channell v. Nutrition Distribution, LLC, et al.
In the Circuit Court of Covington County, Alabama
Civil Action No : CV-2007-90047

Dear Tony:

Per our discussions, this law firm will be representing DPS Nutrition, Inc. in connection with the above styled matter pending in the Circuit Court of Covington County, Alabama. It is my understanding you will be representing Designer Supplements, Inc. and it is your desire to remove this case to the Middle District of Alabama.

DPS Nutrition, Inc. will agree to participate in the removal. Please forward a copy of the proposed removal documents for our review prior to filing.

Yours very truly,

Kathy R. Davis

KRD/ds

Birmingham • Dothan • Florence • Gulfport • Mobile • Tallahassee    USLAW



EXHIBIT
C

# ALABAMA SJIS CASE DETAIL

**HIGGINS & HITSON**    **PREPARED FOR: CAROL MALANDRO**



County: **23**    Case Number: **CV 2007 900047 00**    Court Action:
Style: **TONY CHANNELL VS NUTRITION DISTRIBUTION LLC ET AL**

## Case

### Case Information
| | |
|---|---|
| County: | 23 - COVINGTON |
| Case Number: | CV 2007 900047 00 |
| JID: | MAM M. ASHLEY MCKATHAN |
| Trial: | J |
| Style: | TONY CHANNELL VS NUTRITION DISTRIBUTION LLC ET AL |
| Filed: | 11/02/2007 |

### Case Type
| | |
|---|---|
| Code: | TOPL |
| Type: | PRODUCTS LIABILITY |
| Track: | |
| Status: | A |
| Plaintiffs: | 001 |
| Defendants: | 005 |

### Court Action
| | |
|---|---|
| DJID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

### Damages
| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

### Other Actions
| | | | | | |
|---|---|---|---|---|---|
| Con Date: | | Cont #: | | Why: | |
| RevJmt: | | Admin Date: | | Why: | |
| Appeal Date: | | Court: | | Case: | |
| Mistrial: | | | | | |
| TBNV2: | | DSDT: | | DTYP: | |

### Comments
Comment 1:
Comment 2:

## Settings

### Court Dates
| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | | | |
| 2: | | | | |
| 3: | | | | |
| 4: | 01/03/2008 | 001 | 09:00 AM | MOTD - MOTION DOCKET |

## Party 1 - C 001 - CHANNELL TONY

### Party Information
| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | CHANNELL TONY | | | | Type: | I Individual |
| Index: | Y | Alt Name: | | | | | JID: | MAM |
| SSN: | XXX-XX-X391 | DOB: | | Sex: | | | Race: | |
| Address 1: | 712 CHARLIE STREET | | | Address 2: | | | | |
| Phone: | 334 208 3215 | City: | OPP | State: | AL | Zip: 36467-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | | | |

### Attorneys
| | | | | |
|---|---|---|---|---|
| Attorney 1: | SMI257 | Name: | SMITH WILLIAM R III | City: MONTGOMERY    State: AL |

| Attorney 2: | MIC006 | Name: | MICELI DAVID FRANCIS | City: | CARROLLTON | State: | GA |
| Attorney 3: | | Name: | | City: | | State: | |
| Attorney 4: | | Name: | | City: | | State: | |
| Attorney 5: | | Name: | | City: | | State: | |
| Attorney 6: | | Name: | | City: | | State: | |

### Service Information

| Issued: | | Type: | | Reissue: | | Type: | |
| Return: | | Type: | | Return: | | Type: | |
| Service: | | Type: | | Service On: | | By: | |
| Answer: | | Type: | | NS Not: | | NA Not: | |
| Warrant: | | Type: | | Arrest: | | | |

### Court Action

| CACT: | | Date: | | For: | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

## Party 2 - D 001 - NUTRITION DISTRIBUTION LLC

### Party Information

| Party: | D 001 | Name: | NUTRITION DISTRIBUTION LLC | | | Type: | B Business |
| Index: | Y | Alt Name: | | | | JID: | MAM |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |
| Address 1: | C/O STEPHEN M BONNEL | | | Address 2: | 2440 W 12TH STREET # 3 | | |
| Phone: | 334 | City: | TEMPE | State: | AZ | Zip: 85281-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | | |

### Attorneys

| Attorney 1: | | Name: | | City: | | State: | |
| Attorney 2: | | Name: | | City: | | State: | |
| Attorney 3: | | Name: | | City: | | State: | |
| Attorney 4: | | Name: | | City: | | State: | |
| Attorney 5: | | Name: | | City: | | State: | |
| Attorney 6: | | Name: | | City: | | State: | |

### Service Information

| Issued: | 11/09/2007 | Type: | C Certified mail | Reissue: | | Type: | |
| Return: | 12/10/2007 | Type: | R Refused | Return: | | Type: | |
| Service: | | Type: | | Service On: | | By: | |
| Answer: | | Type: | | NS Not: | | NA Not: | |
| Warrant: | | Type: | | Arrest: | | | |

### Court Action

| CACT: | | Date: | | For: | | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: | |
| Comment: | | | | | | | |

## Party 3 - D 002 - ANABOLIC RESOURCES LLC

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D 002 | Name: | ANABOLIC RESOURCES LLC | | Type: | B Business |
| Index: | Y | Alt Name: | | | JID: | MAM |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |
| Address 1: | C/O RICHARD SMITH | | Address 2: | 2440 W 12TH STREET # 3 | | |
| Phone: | 334 | City: | TEMPE | State: AZ  Zip: 85281-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | |

### Attorneys

| | | | | | |
|---|---|---|---|---|---|
| Attorney 1: | Name: | | | City: | State: |
| Attorney 2: | Name: | | | City: | State: |
| Attorney 3: | Name: | | | City: | State: |
| Attorney 4: | Name: | | | City: | State: |
| Attorney 5: | Name: | | | City: | State: |
| Attorney 6: | Name: | | | City: | State: |

### Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | 11/09/2007 | Type: | C Certified mail | Reissue: | Type: | |
| Return: | 12/10/2007 | Type: | R Refused | Return: | Type: | |
| Service: | | Type: | | Service On: | By: | |
| Answer: | | Type: | | NS Not: | NA Not: | |
| Warrant: | | Type: | | Arrest: | | |

### Court Action

| | | | | | | |
|---|---|---|---|---|---|---|
| CACT: | | Date: | | For: | Exempt: | |
| Amount: | $0.00 | Cost: | $0.00 | Other: $0.00 | Satisfied: | |
| Comment: | | | | | | |

---

**Party 4 - D 003 - DESIGNER SUPPLEMENTS INC**

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D 003 | Name: | DESIGNER SUPPLEMENTS INC | | Type: | B Business |
| Index: | Y | Alt Name: | | | JID: | MAM |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |
| Address 1: | C/O MATTHEW CAHILL | | Address 2: | 1111 PARK LANE NORTH | | |
| Phone: | 334 | City: | FRANKLIN SQUAR | State: NY  Zip: 11010-0000 | Country: | US |
| Dock: | | Notice: | | Entered: | | |

### Attorneys

| | | | | | |
|---|---|---|---|---|---|
| Attorney 1: | Name: | | | City: | State: |
| Attorney 2: | Name: | | | City: | State: |
| Attorney 3: | Name: | | | City: | State: |
| Attorney 4: | Name: | | | City: | State: |
| Attorney 5: | Name: | | | City: | State: |
| Attorney 6: | Name: | | | City: | State: |

### Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | 11/09/2007 | Type: | C Certified mail | Reissue: | Type: | |
| Return: | | Type: | | Return: | Type: | |
| Service: | 11/21/2007 | Type: | C Certified Mail | Service On: | By: | |
| Answer: | | Type: | | NS Not: | NA Not: | |
| Warrant: | | Type: | | Arrest: | | |

### Court Action
CACT:     Date:     For:     Exempt:
Amount: $0.00     Cost: $0.00     Other: $0.00     Satisfied:
Comment:

## Party 5 - D 004 - STG INVESTORS LLC

### Party Information
| Field | Value | Field | Value | Field | Value |
|---|---|---|---|---|---|
| Party: | D 004 | Name: | STG INVESTORS LLC | Type: | B Business |
| Index: | Y | Alt Name: | | JID: | MAM |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |
| Address 1: | C/O YOUR ENTITY SOLUTION | | Address 2: 6628 SKY POINTE DR # 290 | | |
| Phone: | 334 | City: | LAS VEGAS | State: NV   Zip: 89131-0000 | Country: US |
| Dock: | | Notice: | | Entered: | |

### Attorneys
Attorney 1: Name:    City:    State:
Attorney 2: Name:    City:    State:
Attorney 3: Name:    City:    State:
Attorney 4: Name:    City:    State:
Attorney 5: Name:    City:    State:
Attorney 6: Name:    City:    State:

### Service Information
Issued: 11/09/2007    Type: C Certified mail    Reissue:    Type:
Return:    Type:    Return:    Type:
Service: 11/19/2007    Type: C Certified Mail    Service On:    By:
Answer:    Type:    NS Not:    NA Not:
Warrant:    Type:    Arrest:

### Court Action
CACT:     Date:     For:     Exempt:
Amount: $0.00     Cost: $0.00     Other: $0.00     Satisfied:
Comment:

## Party 6 - D 005 - DPS NUTRITION INC

### Party Information
| Field | Value | Field | Value | Field | Value |
|---|---|---|---|---|---|
| Party: | D 005 | Name: | DPS NUTRITION INC | Type: | B Business |
| Index: | Y | Alt Name: | | JID: | MAM |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |
| Address 1: | C/O DOUGLAS PETTINATO | | Address 2: 1510 NORTH MAIN AVENUE | | |
| Phone: | 334 | City: | SCRANTON | State: PA   Zip: 18508-0000 | Country: US |
| Dock: | | Notice: | | Entered: | |

### Attorneys
Attorney 1: Name:    City:    State:
Attorney 2: Name:    City:    State:
Attorney 3: Name:    City:    State:
Attorney 4: Name:    City:    State:
Attorney 5: Name:    City:    State:
Attorney 6: Name:    City:    State:

### Service Information

| | | | |
|---|---|---|---|
| Issued: 11/09/2007 | Type: C Certified mail | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: 11/19/2007 | Type: C Certified Mail | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant: | Type: | Arrest: | |

### Court Action

| | | | |
|---|---|---|---|
| CACT: | Date: | For: | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

#### Case Action Summary - 23CV200790004700

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/02/2007 | 9:50:54 | TEXT | PLTF'S FIRST SET OF INTERROGATORIES TO DEFT | DES |
| 11/02/2007 | 9:50:55 | TEXT | NUTRITION DISTRIBUTION LLC DBA ANABOLIC XTREME | DES |
| 11/02/2007 | 9:58:11 | TEXT | PLTF'S FIRST SET OF INTERROGATORIES TO DEFT | DES |
| 11/02/2007 | 9:58:12 | TEXT | ANABOLIC RESOURCES LLC | DES |
| 11/02/2007 | 9:58:13 | TEXT | PLTF'S FIRST SET OF INTERROGATORIES TO DEFT | DES |
| 11/02/2007 | 10:03:43 | TEXT | DESIGNER SUPPLEMENTS INC | DES |
| 11/02/2007 | 10:03:44 | TEXT | PLTF'S FIRST SET OF INTERROGATORIES TO DEFT | DES |
| 11/02/2007 | 10:03:45 | TEXT | DPS NUTRITION INC | DES |
| 11/02/2007 | 10:03:46 | TEXT | PLTF'S FIRST SET OF INTERROGATORIES TO DEFT | DES |
| 11/02/2007 | 10:03:47 | TEXT | STG INVESTORS LLC | DES |
| 11/02/2007 | 10:03:48 | TEXT | PLTF'S FIRST SET OF REQUESTS FOR PRODUCTION TO | DES |
| 11/02/2007 | 10:03:49 | TEXT | DEFT NUTRITION DISTRIBUTION LLC DBA ANABOLIC XTREM | DES |
| 11/02/2007 | 10:23:19 | TEXT | PLTF'S FIRST SET OF REQUESTS FOR PRODUCTION TO | DES |
| 11/02/2007 | 10:23:20 | TEXT | DEFT ANABOLIC RESOURCES LLC | DES |
| 11/02/2007 | 10:23:21 | TEXT | PLTF'S FIRST SET OF REQUESTS FOR PRODUCTION TO | DES |
| 11/02/2007 | 10:23:22 | TEXT | DEFT DESIGNER SUPPLEMENTS INC | DES |
| 11/02/2007 | 10:23:23 | TEXT | PLTF'S FIRST SET OF REQUESTS FOR PRODUCTION TO | DES |
| 11/02/2007 | 10:23:24 | TEXT | DEFT DPS NUTRITION INC | DES |
| 11/02/2007 | 10:23:51 | TEXT | PLTF'S FIRST SET OF REQUESTS FOR PRODUCTION TO | DES |
| 11/02/2007 | 10:23:52 | TEXT | DEFT STG INVESTORS LLC | DES |
| 11/02/2007 | 2:10:35 | EFILE | COMPLAINT E-FILED | SMI257 |
| 11/02/2007 | 2:10:50 | EFILE | COMPLAINT - SUMMONS | |
| 11/02/2007 | 10:19:12 | FILE | FILED THIS DATE: 11/02/2007    (AV01) | AJA |
| 11/09/2007 | 9:45:01 | SUMM | CERTIFIED MAI ISSUED: 11/09/2007 TO D001  (AV02) | DES |
| 11/09/2007 | 9:45:15 | SUMM | CERTIFIED MAI ISSUED: 11/09/2007 TO D002  (AV02) | DES |
| 11/09/2007 | 9:45:29 | SUMM | CERTIFIED MAI ISSUED: 11/09/2007 TO D003  (AV02) | DES |
| 11/09/2007 | 9:45:43 | SUMM | CERTIFIED MAI ISSUED: 11/09/2007 TO D004  (AV02) | DES |
| 11/09/2007 | 9:45:55 | SUMM | CERTIFIED MAI ISSUED: 11/09/2007 TO D005  (AV02) | DES |
| 11/13/2007 | 9:11:59 | STYL | TONY CHANNELL V. NUTRITION DISTRIBUTION, LLC ET AL | DED |
| 11/13/2007 | 9:12:13 | D001 | ADDR2 CHANGED FROM: 2440 W 12TH STREET, # 3 (AV02) | DED |
| 11/13/2007 | 9:12:25 | D002 | ADDR2 CHANGED FROM: 2440 W 12TH STREET, # 3 (AV02) | DED |
| 11/13/2007 | 9:12:50 | D004 | ADDR1 CHANGED FROM: C/O YOUR ENTITY SOLUTION, | DED |
| 11/13/2007 | 9:12:51 | D004 | ADDR2 CHANGED FROM: 6628 SKY POINTE DR, # 290 | DED |
| 11/26/2007 | 8:16:16 | SERC | SERVICE OF CERTIFIED MAI ON 11/21/2007 FOR D003 | DED |
| 11/26/2007 | 2:54:16 | SERC | SERVICE OF CERTIFIED MAI ON 11/19/2007 FOR D004 | DED |
| 11/26/2007 | 2:54:29 | SERC | SERVICE OF CERTIFIED MAI ON 11/19/2007 FOR D005 | DED |
| 12/11/2007 | 8:23:26 | RETU | RETURN OF REFUSED ON 12/10/2007 FOR D001  (AV02) | DED |
| 12/11/2007 | 8:23:32 | RETU | RETURN OF REFUSED ON 12/10/2007 FOR D002  (AV02) | DED |
| 12/11/2007 | 8:23:37 | D001 | ADDR1 CHANGED FROM: C/O STEPHEN M. BONNEL  (AV02) | DED |
| 12/17/2007 | 10:55:19 | DAT4 | SET FOR: MOTION DOCKET ON 01/03/2008 AT 0900A | LEG |
| 12/17/2007 | 10:54:06 | DOCK | NOTICE SENT: 12/17/2007 SMITH WILLIAM R III | LEG |
| 12/17/2007 | 10:54:07 | DOCK | NOTICE SENT: 12/17/2007 MICELI DAVID FRANCIS | LEG |

**END OF THE REPORT**