IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

TONY CHANNELL,                    )
                                  )
    Plaintiff,                    )
                                  )
                                  )    CIVIL ACTION NO.
    v.                            )      2:07cv1103-MHT
                                  )          (WO)
NUTRITION DISTRIBUTION,           )
LLC, d/b/a Anabolic               )
Xtrene, et al.,                   )
                                  )
    Defendants.                   )

OPINION AND ORDER

Now before the court is plaintiff Tony Channell's motion to remand this lawsuit back to state court.

Channell brought this lawsuit against a number of defendants in state court, charging them with multiple state-law claims arising out of Channell's use of "Superdrol," a dietary product. One of the defendants, Designer Supplements, Inc., then removed this lawsuit to this court based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441.

A removing defendant has the burden of proving that the $ 75,000 amount-in-controversy requirement for diversity is met. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001); see also Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir. 2007) ("Though the defendant in a diversity case ... may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists."). The conclusory allegations in the notice of removal--that Channell "was caused to suffer serious and life-threatening injuries, including, but not limited to, liver failure," Notice of removal (Doc. No. 1), at 2, that he has suffered injuries "from

which he will continue to suffer in the future," id., and that he "seeks an amount of punitive damages," id. at 3--are therefore insufficient.

Moreover, it must be emphasized that all the court has before it are Channell's pleadings containing unspecified damages. The Eleventh Circuit Court of Appeals has made clear that "[it is] highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case ... where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice." Lowery, 483 F.3d at 1214 n.63.

Finally, it is noteworthy that Designer Supplements requests that this court "allow it to conduct limited-purpose discovery on the issue of damages before ruling on any motion to remand." Notice of removal (Doc. No. 1), at 3. The Eleventh Circuit has also emphasized that a removing defendant's "request for discovery is tantamount to an admission that the defendant[] do[es]

3

not have a factual basis for believing that jurisdiction exists," Lowery, 483 F.3d at 1217, and that "The natural consequence of such an admission is remand to state court." Id.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Tony Channell's motion to remand (Doc. No. 12) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that the motion to submit limited-purpose discovery on the issue of damages (Doc. No. 3), the motions to strike (Doc. Nos. 19 & 24), and joint motion to stay (Doc. No. 28) are all denied as moot.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 25th day of January, 2008.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**